# United States District Court
## District Of New Mexico

CATHERINE and LARRY JONES,

    Plaintiffs,

v.

Case No. CIV-02-1342-DJS/KBM

SHAUNA, INC., d/b/a SOLITAIRE HOMES
and George Sulima

    Defendants and Third-party plaintiffs,

v.

TODD VAN BERG, an individual

    Third-Party Defendant.

## DEFENDANTS' ANSWER AND THIRD PARTY COMPLAINT FOR BREACH OF LOYALTY AND OTHER SUNDRY RELIEF

The Defendant, Shauna, Inc., by and through its attorneys, The Rowe Law Firm, P.C. and hereby answers the Complaint for Breach of Contract and Unjust Enrichment filed in the above captioned action as follows:

1.    The Defendant Shauna, Inc. specifically denies each and every other allegation of the Complaint, except those allegations that have been herein specifically admitted.

2.    The Defendant, Shauna, Inc. admits the first sentence of the allegations contained in numerical paragraph 3 and 14 and 17 and the first and second sentences of numerical paragraphs 4, and 5 of the Complaint.



1

3. The Defendant, Shauna, Inc. specifically denies the allegations contained in numerical paragraphs 1 and 2 and each of the remaining allegations of paragraphs 3,4, 5 and 14 and 17 of the Complaint.

4. The Defendant Shauna Inc. admits the allegations of numerical paragraphs 6, 8 and 19 of the complaint.

5. With respect to numerical paragraphs 6, 7, 9, 10, 11, 12,13, 18, 19, 22, 23, 24, 25 and 26 the Defendant Shauna, Inc., lacks sufficient information or belief to formulate a response to the allegations contained in those paragraphs and based on such lack of information or belief denies each and every allegation contained in said paragraphs.

6. The Defendant Shauna, Inc. specifically denies the allegations of numerical paragraphs 15, 16, 17, 20, 21, 27,28,29 30,31,32,33,34,35,36,37,38,39,40 and 41 of the Complaint. The Defendant Shauna, Inc. states affirmatively that the legal responsibility if any for the claims set forth herein belongs to the Third Party Defendant herein as more fully set forth in the Third-party complaint herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any and all actions which created any liability, if any, in this case were soley the responsibility of the individual their party defendant, Todd VanBerg whose actions were outside the scope and course of his employment and undertaken without the knowledge or consent of Shauna Inc. or its President George Sulima.

2

**Second Affirmative Defense**

All actions of Shauna Inc. and George Sulima were taken in good faith in accordance with the terms and conditions of the agreement and applicable law.

**Third Affirmative Defense**

This transaction is not within the scope of the provisions of either the Federal Truth and Lending and or the New Mexico Unfair Trade Practices Act.

WHEREFORE, having fully answered, the Defendant Shauna, Inc. prays the Court grant the following relief:

1. That judgment be entered in favor of the Defendants against the Plaintiff with respect to the claims asserted in the Complaint herein;

2. That this Court award the Defendants their costs and attorney's fees with respect to this action;

3. For all other relief that the Court deems just and proper.

4.

## THIRD PARTY COMPLAINT

Shauna, Inc. and George Sulima, by and through its attorneys, The Rowe Law Firm, P.C. and for its Third Party Complaint against the Third Party Defendant, Todd VanBerg states as follows:

1. The Third Party Plaintiff Shauna is a corporation organized and in good standing under the laws of the State of New Mexico. The Defendant VanBerg is and individual who is a citizen and resident to the State of New Mexico. As more fully set forth below, this action involves wrongful conduct arising within Bernalillo County New Mexico.

2. At the time of the events giving rise to the present action, The Defendant, Van Berg Don Vogel, was an agent, servant, and employee who, acting within the course and scope of his employment, represented Shauna, Inc. He along with the Defendant Sulima were shareholders of Shauna Inc.

3. The transactions, which form the basis for this third party action, originated in Bernalillo County, New Mexico and therefore jurisdiction and venue is proper in this Court.

4. Upon information and belief, the third-party defendant, in numerous instances, altered the sales documents involving Plaintiffs.

5. The individual Third-party Defendant, Van Berg's actions were done without the knowledge or consent of Shaun or Sulima and contrary to the express authority of Van Berg scope of employment.

6. That the first knowledge that either Shauna Inc. or Sulima had of the claim of the events set forth in the original complaint came when the complaint was served upon them.

### COUNT I: BREACH OF LOYALTY AND HONESTY BY VAN BERG AS AN EMPLOYEE

7. The Defendant, Shauna, Inc. and Sulima, allege and incorporate every proceeding paragraph of this third party complaint.

8. The Third Party Defendant, VanBerg, owes a duty to Shauna and Sulima of loyalty, honesty good faith and fair dealing in his actions as an employee.

9. That the Third Party Defendant, Van Berg has breached such duties by virtue of the actions he undertook with respect to Plaintiffs herein.

10. That as a direct and proximate cause of the breach of duties owned by VanBerg Shauna, Inc. and Sulima have suffered damages including the liability asserted in this lawsuit, plus other damages, in an amount to be proven at trial.

21. That in the event the evidence in this case establishes that the Third Party Defendant VanBerg's actions have been willful, wanton, outrageous and/or in bad faith, then Shauna, Inc. and Sulima are entitled to an award of punitive damages in an amount to be determined at trial.

WHEREFORE, the Shauna, Inc., and Sulima pray for damages against the Third Party Defendant VanBerg as follows:

A. For actual damages plus other damages in an amount to be determined at trial or with respect to the claims asserted in the original Complaint herein;

B. That they be awarded their costs, incidental damages, attorney's fees.

C. That in the event that the evidence in this case establishes that the Third Party Defendant's actions have been willful, wanton, outrageous and/or in bad faith, that the Court award punitive damages in an amount to be determined.

D. That the Court award pre-judgment interest and post-judgment interest and all other relief, legal, equitable or other, that the Court shall deem just and proper.

Respectfully submitted,

*[signature]*

Gordon H. Rowe III
Attorney for the Defendant
THE ROWE LAW FIRM, P.A.
1200 Pennsylvania NE, Suite 2B
Albuquerque, NM 87110
(505) 232-2800   (F) 505-266-1030

**Certificate of Mailing**

I hereby certify that a true and correct copy of the above foregoing was delivered via fax and/or first class mail this __18th__ day of __Nov._____, 2002 to:

Thomas P. Gulley
Jontz, Dawe, Gulley & Crown, P.C.
500 Marquette NW, Suite 1200
Albuquerque, NM 87102

Richard N. Feferman
300 Central Ave.      SW Suite 2000 East
Albuquerque, NM 87102

_____

6