**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUN 1 8 2003

*Robert M March*
CLERK OF

CATHERINE and LARRY JONES,

        Plaintiffs,

v.

No. CIV 02-1342 MH/RLP

SHAUNA, INC. d/b/a SOLITAIRE HOMES,
and GEORGE SULIMA,

        Defendants.

v.

TODD VAN BERG,

        Third-Party Defendant.

## INITIAL PRE-TRIAL REPORT

    Counsel have conferred and submit herewith the parties' consolidated Initial Pre-Trial

Report.

### APPEARANCES

Counsel are:

    Richard N. Feferman, Feferman & Warren for Plaintiffs;

    Gordon H. Rowe, III, The Rowe Law Firm, P.A., attorneys for defendants and third-party

plaintiffs Sulima and Shauna.

    Thomas P. Gulley, Jontz Dawe Gulley & Crown, P.C., attorneys for third-party defendant

Van Berg.

### NATURE OF THE CASE

    Plaintiffs seeks damages under the Truth in Lending Act ("TILA"), 15 U.S.C. §1640(e),

**\*COUNSEL: Please note new Pre-trial Order
Deadlines.**



for violation in disclosing the terms of financing of a mobile home sale, and for fraud and misrepresentation in the sale and financing of a mobile home.

## AMENDMENTS TO PLEADINGS

Plaintiffs intends to file: none

Defendants intend to file: none

Third-party defendant intends to file: A counterclaim against Defendants for indemnity.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

## PLAINTIFFS' CONTENTIONS

This case involves fraudulent misrepresentations in the sale and financing of a mobile home. Solitaire Homes sold Mr. and Mrs. Jones a mobile home and altered the documents after the Plaintiffs signed them.

The Joneses entered into a series of negotiations with Solitaire over the telephone. The parties agreed on a purchase price. The Joneses were to arrange their own real estate loan. However, Solitaire required payment in full before delivering the home to Oklahoma. Therefore, Solitaire brought Conseco into the transaction for interim financing. Solitaire asked the Plaintiffs whether they wanted to buy down the interest rate, which would cost them over $5,000 in "points." However, the Joneses rejected that option, because they intended to refinance quickly, using their own lender.

The dealer sent the Plaintiffs a set of documents to sign to close the deal. One such document was the Retail Installment Contract, which the Plaintiffs signed on October 30, 2001

and sent back to the dealer. Plaintiffs also signed and returned to the dealer a Purchase Agreement. Solitaire, through its President, George Sulima, executed the Retail Installment Contract. However, Solitaire did not furnish the Plaintiffs an endorsed copy until months after consummation of the transaction. This Retail Installment Contract omits from the payment schedule the date payments would begin, contrary to the requirements of the Truth in Lending Act. The Plaintiffs believed that their first payment was due January 1, 2002.

Solitaire, through its President, George Sulima, also executed the Purchase Agreement. However, it did not send the Plaintiffs an executed copy. Solitaire delivered the manufactured home on about November 6, 2001 to the Plaintiffs' home site in Oklahoma. Some time after Plaintiffs signed the contract October 30, 2001, someone inserted the date of December 1, 2001 as the first payment due date. This handwritten date of first payment due is accompanied by initials, purportedly of the buyers. The Plaintiffs did not initial the contract at that spot; someone forged their initials.

Solitaire assigned the altered Retail Installment Contract to Conseco. Plaintiffs received their first monthly billing statement from Conseco dated December 7, 2001. It showed a past due payment. Plaintiffs began receiving calls from Conseco about their "late" payment. Through this process they learned that Solitaire had altered the contract after they signed it.

As a result of defendants' actions, Conseco has been harassing Plaintiffs on a regular basis and has imposed charges attributable to "late" payments, including additional interest. Plaintiffs sought to refinance the contract through another lender. Conseco's quoted payoff was much higher than they anticipated. When Conseco sent them a copy of the executed Purchase Agreement, Plaintiffs discovered that the dealer had buried in the transaction an additional cost to the borrowers of $5,413.84 for points in their loan. Someone had altered the original Purchase

Agreement before sending it to the assignee, adding to it language that "Customers financed $5,413.84 of points in their loan." Solitaire also falsely certified that this document was a true copy of the original.

Furthermore, in the course of the sale transaction Solitaire represented to Plaintiffs that there was sales tax in the amount of $1,500.00 and that an additional $173.00 was needed to pay to public officials. Plaintiffs later received confirmation that Solitaire paid only $1,151.50 to the State of Oklahoma, for title fee, excise tax and mail fee, and only $140.00 as a "registration fee." Upon information and belief, Solitaire retained the remaining $381.50 it had collected, without refunding it to the Plaintiffs, in connection with the financing of the home.

### DEFENDANT SHAUNA INC.'S AND GEORGE SULIMA'S CONTENTIONS

The individual defendants, Shauna, Inc. and George Sulima, in general deny the claims of Plaintiffs. In addition these defendants have asserted the following affirmative defenses:

1.     All actions which created any liability, if any, in this case were solely the responsibility of the individual third party defendant, Todd VanBerg, whose actions were outside the scope and course of his employment and undertaken without the knowledge or consent of Shauna, Inc. or its President, George Sulima.

2.     All actions of Shauna, Inc. and George Sulima were taken in good faith in accordance with the terms and conditions of the agreements and applicable law.

3.     This transaction is not within the scope of the provisions of either the Federal Truth and Lending and or the New Mexico Unfair Trade Practices Act.

### THIRD PARTY PLAINTIFFS' CONTENTIONS

Additionally the defendants Shauna, Inc. and George Sulima have filed a third-party complaint asserting that Todd Van Berg is liable for the event of this transaction and the events

giving rise to the present action.  The substance of the third-party complaint is as follows:

The third-party defendant, Todd Van Berg, was an agent, servant, and employee who, acting within the course and scope of his employment, represented Shauna, Inc.  He along with the Shari Sulima and Defendant George Sulima were shareholders of Shauna Inc.

Upon information and belief, the third-party Defendant, Todd Van Berg, in numerous instances, altered the sales documents involving Plaintiffs.

The individual Third-party Defendant, Van Berg's actions were done without the knowledge or consent of Shauna, Inc. or George Sulima and contrary to the express authority of Todd Van Berg's scope of employment.

That the first knowledge that either Shauna, Inc. or George Sulima had of the claim of the events set forth in the original complaint came when the complaint was served upon them.

The Third Party Defendant, Todd VanBerg, owes a duty to Shauna, Inc. and George Sulima of loyalty, honesty good faith and fair dealing in his actions as an employee.

That the Third Party Defendant, Van Berg has breached such duties by virtue of the actions he undertook with respect to Plaintiffs herein.

That as a direct and proximate cause of the breach of duties owned by Todd VanBerg, Shauna, Inc. and George Sulima have suffered damages including the liability asserted in this lawsuit, plus other damages, in an amount to be proven at trial.

That in the event the evidence in this case establishes that the Third Party Defendant Todd Van Berg's actions have been willful, wanton, outrageous and/or in bad faith, that Defendants and Third Party Plaintiffs, Shauna, Inc. and George Sulima, are entitled to an award of punitive damages in an amount to be determined at trial.

## THIRD PARTY DEFENDANT'S CONTENTIONS

Third Party Defendant denies any wrongdoing. Plaintiffs' claims and third-party claims are barred by estoppel, waiver, authorization, notice, ratification, offset and failure to mitigate. If any changes were made to the documents after Plaintiffs signed, which were done without Plaintiffs' permission or authorization, such changes were the result of the fraudulent conduct of Third-Party Plaintiff Sulima or someone at his direction.

Third-Party Defendant did not make any changes to the paperwork after Plaintiffs signed the documents. However, it is noted that the language as to financing points contained in Exhibit D to the Complaint is simply a reference to the "Prepaid Credit Service Charges" contained at Paragraph 12 of Exhibit A, the contract which Plaintiffs allege they signed and sent back.

## DISCOVERY

Plaintiffs intend to obtain the following discovery: interrogatories, requests for production of documents, requests for admissions, depositions.

Defendants intend to obtain the following discovery: interrogatories, requests for production of documents, requests for admissions, depositions.

Third party defendant intends to obtain the following discovery: interrogatories, requests for production, requests for admission, depositions.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to 28 U.S.C. § 473(a)(1), this case is assigned to a " _Standard_ " track classification. Accordingly, the termination date for discovery is _10-20-03_, and discovery shall not be reopened, except by an order of the Court, upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for

production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. the pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including but not limited to motions to compel and motions for protective order) shall be filed or served in accordance with D.N.M.LR-Civ. 7 no later than _____. This deadline shall not be construed to extend the twenty-day time limit in D.N.M. LR-Civ. 26.6.    *See attached sheet*

Plaintiffs shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than _____7-22-03_____. All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than _____8-21-03_____.

## WITNESSES, DOCUMENTS. EXPERTS

4.    Witnesses who, at this time, the parties think will either testify or be deposed, including their name, title, address and a brief summary of their testimony.

   a:    Plaintiffs

      i.    the Plaintiffs will testify as to the events described in the Complaint.

      ii.    unknown representatives of Shauna, Inc. will testify as to the sales and financing transaction.

      iii.    Defendant Sulima and Third party defendant Van Berg will testify as to their knowledge of the alterations on the documents after plaintiffs signed the documents.

      iv.    Other customers of Shauna, Inc. may testify as to other sales by defendant.

thus bringing the defendant within the coverage of the Truth in Lending Act, as well as to prove intent and absence of mistake.

v.     A witness or witnesses from Oklahoma state government as to taxes and fees paid to that state in connection with the transaction.

vi.    A witness from Conseco as to the collection activities and charges in connection with this account.

b.     Defendants and third-party plaintiffs

i.     Paula Schiedel c/o George Sulima, Solitaire Homes, 10724 Central, SE, Albuquerque, NM 87123.

ii.    Albert Chavez, Contractor, address unknown.

iii.   Heather LaFonte, address unknown.

iv.    Theresa Parrish, Esq., Rodey Law Firm.

v.     George Sulima, Solitaire Homes, 10724 Central, SE, Albuquerque, NM 87123.

vi.    Any witness listed by any other party.

c.     Third party defendant:

i.     Will testify as to his absence of fault and Mr. Sulima's role in the events at issue.

5.    All documents which the parties believe, at this time, will be exhibits at trial.

a.     Plaintiffs

i.     All documents prepared in connection with these transactions, most of which are in the possession of the defendants and Conseco.

ii.    Documents in the possession of Conseco, pertaining to financing and to

charges and collections on the account

    iii.    Documents from Oklahoma state government pertaining to payments to the state in connection with this transaction.

  b.    Defendants and third-party plaintiffs:

    i.    Transcript of court proceedings Judge Lang injunction hearing.

    ii.    Conviction records and state license records Todd Van Berg.

    iii.    Sales and credit file.

    iv.    Any exhibit listed by any other party.

  c.    Third party defendant:

    i.    Unknown, except for the documents identified above.

6.    All experts whom the parties believe, at this time, they will call at the trial, including name, address, area of expertise, and a brief summary of the anticipated testimony.

  a.    Plaintiffs have not determined any experts at this time.

  b.    Defendants have not determined any experts at this time.

  c.    Third party defendant has not determined experts.

### OTHER PRE-TRIAL MOTIONS

Plaintiffs intend to file:  Motion for Summary Judgment

Defendants intend to file: not yet determined

*See attached sheet*

Third party defendant intends to file: Motion for summary judgment.

### PRE-TRIAL ORDER ✗

Counsel are directed to file a consolidated final Pre-Trial Order as follows:  Plaintiffs to defendants and third party defendant on or before __ **3-30-04** __; Defendants and third party defendant to Court on or before __ **4-13-04**

\* Please refer to the attachments entitled "PREPARATION FOR CIVIL TRIAL BEFORE THE HONORABLE M. CHRISTINA ARMIJO" and adhere to the instructions set forth therein.

In jury cases, proposed jury instructions shall be filed no later than

_____

## PRE-TRIAL CONFERENCE AND TRIAL SETTING

This matter is set for a PRE-TRIAL CONFERENCE on *April 6, 2004* at *9:00, a*.m.

This matter is set for a JURY TRIAL on a trailing calendar beginning on *Tuesday, May 11, 2004* at *9:00 a.m.*

## ESTIMATED TRIAL TIME

The parties estimate trial will require 2 days. This is a jury case.

## SETTLEMENT

The possibility of settlement in this case is considered modest. The parties request a settlement conference.

## OTHER MATTERS

Counsel are directed that the Pre-Trial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon Order of the Court for good cause shown.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court shall be highlighted in yellow on all copies which are filed or delivered to the Court or served on other counsel.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

**\* Please** refer to the attachments entitled **"PREPARATION FOR CIVIL TRIAL BEFORE THE HONORABLE M. CHRISTINA ARMIJO"** and adhere to the **instructions** set forth therein.

APPROVED WITHOUT EXCEPTION.

FEFERMAN & WARREN, Attorneys for Plaintiffs

300 Central Ave., SW, Suite 2000 East
Albuquerque, NM 87102
(505) 243-7773


THE ROWE LAW FIRM, P.A., Attorney for Defendants Shauna, Inc. and Sulima

(Approved by fax 5/15/03)
Gordon H. Rowe, III
1200 Pennsylvania, NE, Suite 2B
Albuquerque, NM 87110\
(505) 232 2800

JONTZ DAWE GULLEY & CROWN, P.C., Attorneys for Third-Party Defendant


(Approved by email 5/14/03)
Thomas P. Gulley
Rebecca Sitterly
201 Third St. NW, 19th Floor
Albuquerque, NM 87102
(505) 764-5400



APPROVED:

UNITED STATES MAGISTRATE JUDGE


APPROVED AND ADOPTED AS THE ORDER OF THE COURT:

UNITED STATES DISTRICT JUDGE

## DISCOVERY MOTIONS

The following shall be the schedule for Discovery Motions:

Motions relating to discovery (including, but not limited to, motion to compel and motions for protective order) shall be filed with the Court and served on opposing parties by _____ *10-29-03* _____ ; responses shall be filed with the Court and served on opposing parties by _____ *11-12-03* _____ ; the Notice of Completion and replies, if any, shall be filed with the Court and served on opposing parties by _____ *11-26-03* _____ . See D.N.M.LR-Civ. 7. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

## OTHER PRETRIAL MOTIONS

The following shall be the schedule for Other Pretrial Motions:

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by _____ *12-8-03* _____ ; the response shall be field with the Court and served on opposing party by _____ *12-22-03* _____ ; the Notice of Completion and replies, if any, shall be filed with the Court and served on opposing parties by _____ *1-05-04* _____ . Any pretrial motions, other than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

# PREPARATION FOR CIVIL TRIAL
## BEFORE THE HONORABLE M. CHRISTINA ARMIJO
## UNITED STATES DISTRICT JUDGE

### Revised and Effective as of August 1, 2002

**TRIAL COUNSEL,** your compliance with the following instructions is required:

## I. GENERAL INSTRUCTIONS

    A.    Throughout these instructions, the term "trial" refers to commencement of the trailing docket. Therefore, all dates operate off of the initial jury selection date or date upon which the trailing docket begins.

    B.    Where a submission deadline falls on a weekend or holiday, the deadline becomes the next working day after the weekend or holiday, unless otherwise specified.

    C.    The pretrial deadlines listed herein apply unless specifically modified by order of the Court at the pretrial conference. Counsel must seek leave of the Court in the form of a written motion to extend any pretrial deadline. Motions to extend deadlines shall also address the need, if any, to continue the pending trial date.

## II. TRIAL CONDUCT

    A.    Be on time for each court session. Trial engagements take precedence over any other business. If you have matters in other courtrooms, make other arrangements in advance for the handling of such matters.

    B.    Court time may not be used for marking exhibits. This must be done in advance of the court session.

    C.    Under no circumstances are you to attempt to communicate in any manner with any member of the jury prior to or during trial. Your clients and witnesses should also be so instructed.

    D.    Do not argue the case or discuss law in your opening statement. Your opening statement should present a concise summary of the ultimate facts to be proved. Do not describe in detail what particular witnesses will say.

    E.    Please stand at the lectern when you question witnesses. (Counsel with physical disabilities may be excused from this requirement.)

    F.    If you intend to question a witness about a group of documents, avoid delay by having all the documents with you when you start the examination.

G.     Commence your examination or cross-examination without unnecessary preliminary introductions.

H.     Refer to all parties and witnesses by their last names (e.g., Ms. Smith, Dr. Jones).

I.     When you object in the presence of the jury, make your objection short and to the point. "Speaking" objections will not be allowed. Cite the Rule of Evidence or common designation for your objection *(e.g.,* "hearsay"). Do not argue the objection. Do not make substantive motions *(e.g.,* a motion for a mistrial or directed verdict) in the presence of the jury. Such matters may be raised at sidebar or, by request, at the first recess without waiving any rights by such delayed motion.

J.     Do not argue with the ruling of the Court in the presence of the jury and refrain from thanking the Court following a ruling.

K.     The jury's time is valuable. If you anticipate that oral argument will be required for an evidentiary ruling or to resolve some other issue during the trial, alert the Court as soon as possible so that the matter may be heard either before court or after court outside the presence of the jury.

L.     The Court will instruct the jury before closing arguments. You may refer to specific instructions in your closing argument.

## III.     PREPARATION FOR CIVIL TRIALS

A.     <u>Exhibits</u>

1.     Exhibits shall be exchanged at the earliest possible date, but not later than **TWENTY (20)** calendar days before trial. Charts, plats, diagrams, etc., shall be marked and ready as to measurements, landmarks, and other identifying factual material. Exhibits shall be marked and identified (plaintiff's on yellow labels by numbers and defendant's on blue labels by letters, *e.g.,* A, B, C, ..., AA, AB, AC, ...) prior to trial.

2.     Not later than **TEN (10)** working days before trial, counsel shall file with the Clerk a complete list of all objections to the exhibits offered. You should specify the Rule of Evidence or other legal authority upon which your objection is based. The Court will consider such objections and in most cases will rule on the admissibility of exhibits prior to trial.

3.     Counsel shall complete a joint exhibit list using the Court's "Exhibit List" form. (A blank form is appended to the end of these instructions and an electronic version may be downloaded from Judge Armijo's chambers website at www.nmcourt.fed.us.) Counsel for Plaintiff shall: (1) identify the case

name and number and counsel's name at the top of the form; (2) list Plaintiff's exhibits in number order in the "Pltf No." column; (3) indicate with an "X" in the "Objection" column if either party objects to the exhibit; and (4) briefly describe the exhibit in the "Description of Exhibit" column. Once this is done, Plaintiff shall deliver the form to defense counsel who shall complete the Defendant's portion of the form in the same manner. Under the "Deft Ltr." column, list exhibits in letter order. The completed form and **four (4)** copies shall be filed with the Clerk not later than **TEN (10)** working days before trial. Court staff will complete the remaining columns of the form ("Date Offered," "Admitted," etc.) as needed during trial.

4.  Please notify the Court at least ten (10) working days before trial if you intend to use audio-visual or other special equipment or courtroom technologies.

B.  <u>Motions in Limine and *Daubert* Motions</u>

1.  Challenges pursuant to *Daubert* shall be made prior to the dispositive motions deadline as set forth in the Initial Pretrial Report; that is, *Daubert* motions are to be fully briefed no later than the date designated as the dispositive motion deadline.

2.  Motions in limine and all other motions regarding issues of admissibility of evidence which can be anticipated shall be filed with the Clerk not later than **TEN (10)** working days before trial.

C.  <u>Witnesses</u>

1.  Witnesses shall be identified in accordance with the Pretrial Order, but in no event later than **TWENTY (20)** calendar days before trial.

2.  A complete list of witnesses to be called at trial and **four (4)** copies shall be filed with the Clerk not later than **FIVE (5)** working days before trial. The order of the witnesses is not binding but known witnesses not listed in accordance with this procedure will not be allowed to testify.

3.  Each party will be responsible for securing the appearance of witnesses the party proposes to call.

4.  Clients and witnesses are expected to be on time, and counsel should always have witnesses available to fill a full trial day (*i.e.*, 8:30 AM - 5:00 PM). Counsel who do not have a witness available may be penalized.

5.  All expert reports must have been exchanged in advance in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. When calling an expert

witness, it is the responsibility of counsel to establish his/her qualifications to express an opinion under Rule 702 after which counsel must move his/her acceptance by the Court as an expert. In that connection, counsel must inform the Court of the particular field in which counsel offers the witness as an expert. As in other areas, cumulative expert testimony will not be permitted. As noted above, <u>Daubert</u> motions must be fully briefed before the dispositive motions deadline.

D. Use of Depositions

1. Consistent with the Federal Rules of Civil Procedure, depositions may also be introduced into evidence.

2. Notify opposing counsel and the Court of such intended use of depositions at least **TWENTY (20)** calendar days before trial. Opposing counsel shall file with the Clerk objections to any material at least **TEN (10)** working days before trial.

3. If a deposition is used in part, counsel shall mark the parts to be used for the Court and opposing counsel. Plaintiff will use a yellow marker and defendant a blue marker. This does not apply to cross-examination or rebuttal.

E. Trial Briefs

Trial briefs are mandatory in the case of bench trials. Trial briefs should outline the basic legal theories, anticipated evidence in support of such theories, and the legal basis of any anticipated evidentiary disputes, and should be filed with the Clerk at least **FIVE (5)** working days before trial.

F. Non-Jury Trials:  Findings of Fact and Conclusions of Law

Findings of fact and conclusions of law shall be filed with the Clerk at least **TEN (10)** working days before the trailing docket is set to begin, with references to exhibits and proposed testimony. **Parties shall also submit their proposed findings and conclusions on 3.5" WordPerfect diskettes.**

G. Jury Trials:  Voir Dire

The Court will conduct voir dire. In the average case, each counsel also will be permitted **ten (10) minutes** to voir dire the venire panel. Do not argue the case or cite legal principles in your voir dire. Requested voir dire shall be exchanged between counsel not less than **FIVE (5)** working days before the case is scheduled for jury selection. If counsel cannot agree on proposed voir dire, they shall notify the court of any objections not less than **TWO (2)** working days prior to jury selection.

Preparation for Civil Trial Before Judge Armijo, Revised and Effective as of August 1, 2002 -- Page 5

II.     Preparation of Jury Instructions

1.      Your proposed Jury Instructions are due not less than **FIVE (5)** working days before trial. Please prepare your proposed jury instructions in accordance with the directions provided below.

2.      Until they become available on Judge Armijo's chamber's website, parties shall use the set of civil standard instructions available on Chief Judge Parker's chambers website at www.nmcourt.fed.us. for civil trials before Judge Armijo. These are primarily introductory instructions and instructions relating to burden of proof, credibility issues, duties of jurors, etc. Please do not submit instructions that are identical to these standard instructions.

3.      Counsel must meet and confer prior to the deadline for submission of instructions and make a good faith effort to agree on the submission of all non-standard instructions (e.g., elements of the plaintiff's claims, special defenses, etc.) The parties must submit one set of non-standard instructions upon which they agree by the submission deadline. Requested non-standard instructions upon which the parties cannot agree must be submitted separately by each party by the submission deadline.

4.      The parties must submit an original "dirty" copy of all requested non-standard instructions to the Clerk for filing. The instructions submitted to the Clerk must contain citations and a certificate of service on opposing counsel.

5.      The parties must submit to Judge Armijo without filing:

        a.      One "dirty" copy of the original agreed upon instructions and of any non-agreed upon instructions with citations filed with the Clerk.

        b.      One "clean" copy of the agreed upon instructions and any non-agreed upon instructions with only the text of the instruction on the page—do not include a heading or citations.

        c.      One 3 ½ inch computer disk containing both a "clean" and a "dirty" copy of all requested instructions in WordPerfect format.

6.      Parties must submit only one requested jury instruction per page. Instructions must be double-spaced.

7.      Carefully PROOFREAD each Instruction for errors in spelling, grammar, punctuation and citations. When a proposed instruction is based on a specific case, include both the page on which the source begins and the page on which the specific material appears.

Preparation for Civil Trial Before Judge Armijo, Revised and Effective as of August 1, 2002 – Page 6

8.      Submit a cover sheet on each set of Instructions.

9.      If your proposed Jury Instructions do not comply with the above, they may be refused.

## IV.   PRETRIAL CONFERENCE

A.      A pretrial conference will be held approximately one or two months before trial. Parties shall be prepared to discuss all pending motions at the pre-trial conference. This means the Judge may ask you questions about the merits of your pending motions.

B.      The parties also shall be prepared to discuss scheduling issues at the pretrial conference, including:

1.      How long will it take to try the case?

2.      What motions are pending and what motions, if any, do you anticipate filing before trial?

3.      Are you ready to proceed to trial?

4.      Do you have any scheduling conflicts?

5.      What is the possibility of a settlement?

6.      Are there any anticipated problems that need to be resolved before commencement of trial?

C.      If the parties perceive any conflicts between these trial preparation instructions and the pretrial order, they shall be prepared to address them at the pretrial conference.

## V.   CALL OF THE CALENDAR

A.      A call of the calendar may be scheduled a few working days before trial or as specified in the notice of jury selection and trial. At the call of the calendar, the parties shall be prepared to address any issues that remain pending after the pretrial conference.

B.      After hearing from counsel, Judge Armijo will announce the date your trial will commence on the trailing docket (unless the trial has been given a definite setting).

C.      IF YOU HAVE NOT SUBMITTED PROPOSED VOIR DIRE QUESTIONS, WITNESS LISTS, OR OTHER REQUIRED MATERIALS BEFORE THE CALL OF THE CALENDAR, PLEASE BRING THEM WITH YOU FOR FILING.

Preparation for Civil Trial Before Judge Armijo, Revised and Effective as of August 1, 2002 – Page 7

## VI.    CHECKLIST OF DEADLINES FOR CIVIL TRIALS

A.    <u>Twenty (20) Calendar Days Before Trial</u>:

_____ Mark and exchange exhibits

_____ Identify witnesses *(subject to earlier dates set by Pretrial Order)*

_____ Notify opposing counsel and Court of intended use of depositions

B.    <u>Ten (10) Working Days Before Trial</u>:

_____ File objections to exhibits

_____ File "Exhibit List" *(using Judge Armijo's form)*

_____ File objections to depositions noticed for trial

_____ File motions in limine

_____ Notify chambers if you intend to use particular equipment or courtroom technology

_____ *For bench trials only*, file proposed findings of fact and conclusions of law and provide chambers with a copy in electronic format

C.    <u>Five (5) Working Days Before Trial</u>:

_____ File complete list of witnesses to be called at trial

_____ File trial briefs *(mandatory in bench trials)*

_____ *For jury trials only*, exchange requested voir dire questions

_____ *For jury trials only*, file stipulated and contested jury instructions and provide chambers with copies (in format required by Judge Armijo)

D.    <u>Two (2) Working Days Before Trial</u>:

_____ *For jury trials only*, notify court of voir dire upon which parties cannot agree

E.    If the parties perceive any conflicts between these pretrial deadlines and the pretrial order, they shall be prepared to address them at the pretrial conference.

**APPENDIX:** A blank form of "exhibit list" follows these instructions.

# UNITED STATES DISTRICT COURT

District of New Mexico

_____ v. _____ Case No. CIV_____

### EXHIBIT LIST

| Presiding Judge: | | Plaintiff's Counsel: | | | Defendant's Counsel: | |
|---|---|---|---|---|---|---|
| M. Christina Armijo | | | | | | |
| Trial Dates: | | Court Reporter: | | | Courtroom Deputy/Law Clerk: | |
| Plf. No. | Def. Ltr. | Objection | Admitted | Date Offered | Witness | Description of Exhibit |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Plf. No. | Def. Ltr. | Objection | Admitted | Date Offered | Witness | Description of Exhibit |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Exhibit List

Page _____ of _____