IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHERINE and LARRY JONES,

    Plaintiffs,

v.

SHAUNA, INC. d/b/a/ SOLITAIRE HOMES,
and GEORGE SULIMA,

    Defendants.

v.

TODD VAN BERG,

    Third-Party Defendant.

03 JUN 26 PM 1:47

No. CV 02-1342 MCA/RLP

## DEFENDANTS' AND THIRD-PARTY PLAINTIFFS' SETTLEMENT CONFERENCE STATEMENT

### I. INTRODUCTION

Defendants Shauna, Inc., and its President, George Sulima, operate a retail mobile home dealership under the trade name "Solitaire Homes," with its principal office in Albuquerque. Solitaire Homes is known throughout the country as very high-end mobile homes, which use a proprietary mechanical, and structural quality specification, which are superior in the market place.

The Third-Party Defendant, Todd Van Berg, at all relevant times involved in this controversy, was a salesman in the Albuquerque office of Solitaire Homes. Mr. Van Berg was the salesman that conducted the sales transaction that ultimately resulted in the sale of a mobile home to the Plaintiffs, Catherine and Larry Jones.

As admitted in the Complaint, the Plaintiffs, Catherine and Larry Jones, ultimately agreed to purchase a Solitaire Mobile Home and part of the sales package obtained third party financing which was included in the written sales agreement. It is admitted



1

that the Plaintiffs did in fact purchase a mobile home and there was a written sales agreement and a financing agreement provided. The present dispute involves a claim by Plaintiffs that the original sales agreement which they signed was later altered to increase the "points" that the Plaintiffs allege they were required to pay. The Plaintiffs essentially allege that they did not agree to pay the points; but the sales documents were altered after their signature to include the responsibility for points, which were ultimately financed under the total amount borrowed by Plaintiffs.

The individual Defendants, Shauna, Inc., and George Sulima have no knowledge of any alteration of the sales documents nor were they in any way involved in the assessment of points. Rather the Third-Party Defendant, Mr. Van Berg, as the assigned salesman, prepared the sales documents and closed the transaction. If in fact there was an alteration to the sales documents, it was effected solely by Mr. Van Berg without the knowledge, consent or ratification of Mr. Sulima or Shauna, Inc.

Thus following being served with the Complaint in this case, the individual Defendants Sulima and Shauna, Inc., filed a Third-Party Complaint against Mr. Van Berg alleging that if he in fact did alter the sales documents it was done outside of the scope and course of his employment and that the employer Shauna, Inc., and in particular, George Sulima, have no liability for the egregious conduct of Mr. Van Berg. Furthermore, the Answer of Shauna, Inc., and Sulima assert that they are not liable for the claims herein because they were effected by Mr. Van Berg in an act which was outside the scope of his employment where there is no vicarious liability.

## II. THE PROGRESS OF THE CASE

The Parties have exchanged disclosures and basic documentation and are in the process of scheduling depositions. In interviewing the witnesses, the Defendants Shauna Inc., and Sulima have witnesses who will testify that any actions in altering the

2

sales documents were effected by Mr. Van Berg, without the knowledge or consent of Solitaire, or its President, Mr. Sulima.

### III. SETTLEMENT NEGOTIATIONS THUS FAR

Immediately upon the filing of this case, the individual Defendants Sulima and Shauna, Inc., made an attempt to settle the case by returning the points that were allegedly wrongfully charged plus some costs to the Plaintiffs of $8,000.00. That offer has been refused. Thus the Defendants made a formal Rule 68 Offer of Judgment on the 9th day of May 2003. That offer of judgment was of $500 from the individual Defendant, George Sulima, and of $8,000.00 from the Corporate Defendant, Shauna Inc. That offer of judgment has not been accepted.

It respectfully submitted that this settlement offer is in excess of the potential liability of the Defendants. Certainly this settlement offer represents more than the actual damages and it is respectfully submitted that the Defendants would not be responsible for any punitive damage award in this case. Furthermore, the joinder of the individual Defendant, George Sulima, is totally improper. He was not involved nor did he have any knowledge of the alleged improper conduct. Furthermore the sales agreement was between the corporation and not him individually. Thus his offer to settle of $500.00 is highly reasonable.

### IV. CONCLUSION

Mr. Sulima will be present at the settlement conference on behalf of the Corporate Defendant and the Defendants agree in good faith to pursue meaningful settlement negotiations towards the ultimate goal of resolution of these claims.

For the Court's information it should be noted that following this event Mr. Van Berg left the employment of Shauna, Inc. There is currently pending in State District an

action relating to the departure of Mr. Van Berg and his position as a minority share holder.

Respectfully submitted:

THE ROWE LAW FIRM, P.C.

*(signature)*
Gordon H. Rowe III
Attorney for the Defendants
1200 Pennsylvania NE, Ste. 2B
Albuquerque, NM  87110
(505) 232-2800   (505) 266-1030 (F)

I hereby certify that a true and correct copy
of the foregoing pleading was sent via
first class mail this ___26th___ day of June, 2003
to the following:

Richard N. Feferman, Esquire
RICHARD N. FEFERMAN & ASSOCIATES
Attorney for Plaintiff
300 Central Ave SW #2000E
Albuquerque, NM  87102-3203

Thomas P. Gulley, Esquire
JONTZ DAWE GULLEY & CROWN, P.C.
Attorneys for Third-Party Defendant
PO Box 1027
Albuquerque, NM  87103-1027

*(signature)*
Gordon H. Rowe III

4